# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAROLD H. HODGE, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. RWT-10-2396 |
| BOARD OF COUNTY COMM'RS, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Harold Hodge, Jr., a pro se litigant, brings this civil rights action for $77,000 in damages and injunctive relief against the Board of County Commissioners of Calvert County, Commissioners Barbara Stinnett, Linda Kelley, Wilson Parran, and Gerald Clark, the Honorable Robert B. Riddle, C. Buckie Dowell, James Carpenter, the State of Maryland, Officer Smiley, Officers John Doe #1 and #2, and Calvert County. After careful review of the Complaint and applicable law, the Court will grant Hodge's Motion to Proceed in Forma Pauperis (ECF No. 2) and dismiss the case for reasons to follow.

### I. Plaintiff's Claims

Hodge claims that because he was required to remove his belt in order to pass through a metal detector when entering the county office building at 200 Duke Street in Prince Frederick, Maryland, and he was prohibited from bringing a cellular phone into the building, his rights under the First, Fourth, Fifth, and Fourteenth Amendments were violated by Defendants. The building houses the District Court for Calvert County and various state agencies. Specifically, Hodge claims that he was subjected to an illegal search without probable cause when he was required to remove his belt from his pants before entering the building. Additionally, he claims

that he was deprived of "freedom of communication" and freedom of speech when he was prohibited from entering the building with a cellular phone. Hodge also asserts state law violations.

**II.     Standard of Review**

Federal district courts are required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). Courts must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge [ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Although this Court accords pro se complaints liberal construction, it cannot ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Social Services for the City of Baltimore,* 901 F.2d 387, 390-91 (4th Cir. 1990).

**III.    Discussion**

The Fourth Amendment to the United States Constitution protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . " U.S. Const. Amend. IV. It protects individuals from government searches of

their person because the Fourth Amendment vests individuals with the right to be free from "unreasonable government intrusions into their legitimate expectations of privacy." *United States v. Chadwick*, 433 U.S. 1, 7 (1977). "[W]here the risk to public safety is substantial and real, blanket suspicionless searches calibrated to the risk may rank as 'reasonable'-for example, searches now routine at airports and at entrances to courts and other official buildings." *Chandler v. Miller*, 520 U.S. 305, 323 (1997); *see also City of Indianapolis v. Edmond*, 531 U.S. 32, 47-48 (2000) (noting that the need for such measures to keep airports and government buildings safe can be acute). Thus, "where a Fourth Amendment intrusion serves special governmental needs, beyond the normal need for law enforcement, it is necessary to balance the individual's privacy expectations against the Government's interests to determine whether it is impractical to require a warrant or some level of individualized suspicion in the particular context." *National Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665-66 (1989).

In this case, the security screening was limited, universally applied, (Complaint, ¶13) minimally intrusive and reasonable to protect a publicly accessible government building. Hodge makes no allegations of selective or discriminatory enforcement of security measures, and was not denied entrance, but only compelled to comply with reasonable safety precautions required of all building visitors. Hodge's removal of his belt was not a "sort of illegal strip search" as he claims. (Complaint, ¶ 18). As alleged here, the administrative search was a limited screening to prevent dangerous objects from entering a public building. *See e.g. McMorris v. Alioto*, 567 F.2d 897 (9th Cir. 1978); *Dickerson v. Napolitano*, 604 F.3d 732 (2nd Cir. 2010).

This court takes notice that cell phones can be used to photograph and/or record closed or sensitive proceedings for unlawful purposes, and prohibition of cell phones in courts and public buildings is a common precaution. Contrary to Hodge's assertions, there is no First Amendment "right to communication" that guarantees a right to carry cellular phones in government buildings. Further, Hodges does not allege that that the cell prohibition was intended to chill or in fact chilled constitutionally protected speech. While it may be true that Hodge was inconvenienced or perhaps uncomfortable with the security measures, the facts presented do not suggest a violation of constitutional magnitude. Hodge's allegations that court security officers were rude or county commissioners failed to reply to his letter complaining about the security precautions are unavailing. In light of the above, the Court will not exercise jurisdiction over any state law claims presented.

**IV. Conclusion**

The facts, taken as true, fail to suggest a violation of constitutional magnitude or abridgement of a federal law. Accordingly, the Complaint will be summarily dismissed by separate Order.

October 14, 2010  /s/
Date  ROGER W. TITUS
UNITED STATES DISTRICT JUDGE